People v Brown (2018 NY Slip Op 02134)





People v Brown


2018 NY Slip Op 02134


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6105 1268/10 5180/12

[*1]The People of the State of New York, Respondent,
v
Ernest Brown, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Katherine Skolnick of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered February 26, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find the evidence of defendant's guilt to be overwhelming. There is no basis for disturbing the jury's credibility determinations. The two people who had shared an apartment with defendant testified that the bedroom and locked safe where the weapons at issue were found were exclusively used by defendant, and their testimony was corroborated by other evidence.
Defense counsel's cross-examination of prosecution witnesses, suggesting that the police investigation was less than thorough because the police proceeded entirely on the basis of information from allegedly unreliable witnesses, created a misleading impression about the amount of information the police actually had. Defendant thus opened the door to carefully limited evidence that defendant was named in the search warrant for the apartment, whose execution led to the recovery of the weapons. Furthermore, the court thoroughly instructed the jury that this evidence was being received only to explain why the police went to the apartment and not as evidence of defendant's guilt. Accordingly, we find no violation of defendant's right of confrontation (see Tennessee v Street, 471 US 409 [1985]; People
v Reid, 19 NY3d 382 [2012]). In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK